UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, et al.,<br>Defendants. | Case No.: 1:26-cv-06041-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE, AND AS DUPLICATIVE OF EARLIER ACTION**<br><u>14-Day Objection Period</u><br>Clerk of the Court to Assign District Judge |

Plaintiff Patrick A. Cannavan is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. BACKGROUND**

Plaintiff filed his complaint on July 31, 2026. (Doc. 1.)

On August 4, 2026, the Court issued its Order Denying Motion to Exceed Page Limit, Order Striking Complaint for Failure to Comply with Page Limits Pursuant to Standing Order, and Order Directing Plaintiff to File Complaint Not Exceeding 25 Pages. (Doc. 8.) Specifically, Plaintiff was directed to re-file his complaint, not to exceed 25 pages, within 30 days of the date of service of the order. (*Id*. at 6.)

More than 30 days have passed and Plaintiff has failed to comply with the Court's order. Moreover, a subsequent review of the now-stricken original complaint reveals it to be duplicative.

## II. DISMISSAL IS APPROPRIATE FOR A FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE

On August 4, 2026, Plaintiff's complaint was stricken and he was ordered to re-file his complaint, not to exceed 25 pages including any exhibits, within 30 days. (Doc. 8.) More than 30 days have elapsed, plus time for mailing, yet Plaintiff has failed to comply with the Court's order.

### A. Applicable Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to re-file his complaint after it was stricken for exceeding the 25-page limit. He was granted 30 days within which to do so, but more than 30 days plus time for mailing have passed without a submission from Plaintiff. Nor has Plaintiff otherwise been in contact with the Court. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey orders and failure to

prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the August 4, 2026, order directed Plaintiff to re-file his complaint, not to exceed 25 pages including any exhibits, within 30 days. Plaintiff has taken no action whatsoever. Because Plaintiff has failed to comply with the August 4 order, his inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has failed to comply with the August 4, 2026, order and has stopped communicating with the Court. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders or rules will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. In its August 4 order, the Court expressly warned: "**Plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this case be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim**." (Doc. 8 at 6, emphasis in original.) Moreover, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued July 31, 2026, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California

("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 4 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, the undersigned finds that Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's orders. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's orders, and in doing so, has failed to prosecute this action. It is Plaintiff's responsibility to comply with Court orders and to prosecute this action. The Court declines to expend its limited resources on a case wherein Plaintiff has chosen to completely disregard the Court's August 4, 2026, order to re-file his complaint. Therefore, the undersigned will recommend dismissal of this action.

## III. DISMISSAL IS ALSO APPROPRIATE BECAUSE THE ORIGINAL COMPLAINT IS DUPLICATIVE OF AN EARLIER FILED ACTION

Following Plaintiff's failure to re-file his complaint in compliance with the Court's order, the undersigned reviewed the original complaint anew and finds it to be duplicative of an earlier filed action in this Court.

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al*., Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").[1]

In the *Cannavan I* complaint, Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas. Defendant Lamas is sued in their individual capacity, and all other defendants are sued in their official capacities.

The complaint is nearly identical to the complaint in the instant action, except Plaintiff has named Correctional Captain C. Frazier as the sole individual-capacity defendant. Plaintiff again

[1] *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

brings claims pursuant to a combination of constitutional amendments, federal laws, and miscellaneous legal cases and theories. The only factual allegations relate to the July 16, 2026, incident where Plaintiff alleges that Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending him to the emergency room for treatment of his injuries. Additionally, Plaintiff seeks identical relief. *Cf.* Doc. 1 at 5 with the complaint filed in *Cannavan I* (1:26-cv-05670, Doc. 1 at 5).

### A. Applicable Legal Standards

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692-93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

### B. Analysis

The allegations in the complaint in *Cannavan I* are identical to the allegations in the complaint filed in this action. Both cases name the same official-capacity defendants; they differ only in the named individual-capacity defendant. In both cases, Plaintiff alleges that on July 16,

2026, Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendant Frazier, rather than Correctional Officer Lamas, in the instant action, Plaintiff does not include any factual allegations regarding Defendant Frazier in the complaint. (*See* Doc. 1 at 5.) To the extent Plaintiff believes he may state a claim against Defendant Frazier that is also related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in his existing case, rather than attempting to bring a separate action.[2]

Based on this review, the undersigned finds it appropriate to recommend dismissal of this action as duplicative of *Cannavan I*.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned **HEREBY RECOMMENDS** that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute, and/or as duplicative of an earlier filed action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d

[2] To date, Plaintiff has filed 38 cases in this Court. The Court notes that a significant number of those actions have been dismissed as duplicative. See, e.g., case numbers 1:26-cv-5903-JLT-SAB, 1:26-cv-6027-JLT-CDB, 1:26-cv-6034-KES-EPG, 1:26-cv-6035-KES-FJS, 1:26-cv-6038-JLT-SAB, 1:26-cv-6042-KES-SAB, 1:26-cv-6044-JLT-SAB, 1:26-cv-6046-KES-EPG, 1:26-cv-6048-KES-FJS, and 1:26-cv-6051-KES-FJS.

834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2026**

Erin Sanz Castillo
UNITED STATES MAGISTRATE JUDGE